UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CALDWELL WHOLESALE CO., LLC         CIVIL ACTION NO. 17-cv-0200

VERSUS                              JUDGE HICKS

R. J. REYNOLDS TOBACCO CO.          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Caldwell Wholesale Company, LLC filed this civil action against R. J. Reynolds Tobacco Company. The complaint asserts only state law claims and bases its claim of subject-matter jurisdiction on diversity of citizenship. The burden is thus on Caldwell to plead facts that present complete diversity of citizenship. The original complaint does not satisfy that burden.

**Caldwell's Citizenship**

Caldwell describes itself as "a Louisiana limited liability company domiciled in Caddo Parish." The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling

Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) and Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

Caldwell's complaint does not identify its members or allege their citizenship with specificity. It does states in its corporate disclosure statement that it is a wholly owned subsidiary of Caldwell Management, LLP, which implies that Caldwell Management, LLP is the sole member of the LLC. The LLP's name suggests that it is a limited liability partnership, which would require the identification of each of its partner (limited or general) and an allegation of their citizenship in accordance with the applicable rules. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1994). If there are actually other members of the LLC, their names and citizenship need to be set forth.

**R. J. Reynolds' Citizenship**

Defendant R. J. Reynolds Tobacco Company is described in the complaint as a "corporation domiciled in the State of North Carolina." That allegation is not sufficient to allege R. J. Reynolds' citizenship for diversity purposes. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party,

the pleadings are inadequate to establish diversity." <u>Joiner v. Diamond M Drilling Co.</u>, 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. <u>Howery v. Allstate Ins. Co</u>., 243 F.3d 912, 919 (5th Cir. 2001).

Some reported decisions have described R. J. Reynolds Tobacco Company as a New Jersey corporation with its principal place of business in North Carolina, but such facts can change, and there are a number of similarly named R. J. Reynolds entities. Plaintiff should verify the proper citizenship for the company that it has sued and set forth the corporate defendant's citizenship with specificity.

**Amended Complaint Required**

Plaintiff is directed to file an amended complaint to cure the citizenship issues addressed in this order. If it does so within the time permitted by Fed. R. Civ. Pro. 15, Plaintiff may file the amended complaint without leave of court. If Plaintiff waits past the allowed time, it will need to file a motion for leave to amend and a proposed order.

Plaintiff should also promptly serve the defendant with the complaint and any amended complaint within the 90 days permitted by Fed. R. Civ. Pro. 4(m). The court will set a scheduling conference once subject-matter jurisdiction has been determined and the defendant has filed an answer.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of February, 2017.

Mark L. Hornsby
U.S. Magistrate Judge